IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| DIANNA DANCE, *et al.*, ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 3:16CV809 (HEH) |
| ) | |
| NRA GROUP, LLC, ) | |
|     Defendant. ) | |

## ORDER
### Regarding Procedures for Follow-Up Settlement Conference

The Court has scheduled this case for a follow-up settlement conference on **April 25, 2017, at 9:30 A.M.** At that time, the parties shall report to the chambers of Magistrate Judge Roderick C. Young.

In addition to counsel, **each party must have a representative physically present with the full authority to settle this action.**[1] If a business entity (or entities) is/are involved, each entity must have a representative with full authority to settle the case on behalf of that entity physically present. For purposes of this Order, a defense representative has full authority if the representative has the authority to settle the case up to the value of the last demand by the Plaintiff(s).[2] A defense representative should have full authority even if the representative does not expect or intend for the case to settle at the value of the last demand by the Plaintiff(s). **The failure of a party to have a representative physically present with full authority to settle the case may result in the imposition of sanctions upon that party.**

---

[1] Because the only issue remaining in this case is the payment of reasonable costs and attorneys' fees, Plaintiffs' counsel presumably has authority to settle the action on his own behalf; in that case, Plaintiffs themselves are not required to attend.

[2] Because the only issue remaining in this case is the payment of reasonable costs and attorneys' fees, the defense representative's authority should cover up to the value of most recent demand from Plaintiffs' counsel with regard to that sum.

Should counsel or party representatives desire to bring any electronic devices, including laptops and/or cell phones, to the settlement conference, counsel must contact the undersigned's chambers to receive prior authorization, consistent with the requirements of this Court's Personal Electronics Device Policy.[3]

If the matter is not settled, the Court will simply inform the designated trial judge that the matter was not resolved despite the parties' good faith efforts (provided that the parties comply with the conditions of this Order and act in good faith during the settlement conference).

The Clerk is directed to send a copy of this Order to all counsel of record and to any party not represented by counsel.

It is so ORDERED.

/s/
Roderick C. Young
United States Magistrate Judge

Richmond, Virginia
Date: April 5, 2017

---

[3] http://www.vaed.uscourts.gov/locations/documents/NEW_PERSONAL%20ELECTRONICS%20DEVICE%20POLICY.pdf